IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANNETTE CUMMINGS, | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-16-0216 |
| v. | * | |
| NATIONAL LABOR RELATIONS BOARD, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This *pro se* action arises from Plaintiff Annette Cummings's ("Plaintiff" or "Cummings") efforts to obtain judicial review of a decision by the General Counsel of Defendant National Labor Relations Board ("Defendant" or the "Board"). Specifically, the Regional Director of Region 5, acting on behalf of the General Counsel, chose not to issue a complaint after Plaintiff filed two administrative charges with the Board. Plaintiff seeks review of this decision because she believes that "the National Labor Board (sic) did not do a thorough or unfair investigation." Resp. in Opp'n to Def.'s Mot. to Dismiss, 1, ECF No. 18.

Presently pending are Defendant's Motion to Dismiss (ECF No. 13); Plaintiff's Motion to Consolidate Cases (ECF No. 21); Plaintiff's Motion to Amend/Correct Complaint (ECF No. 23); and Plaintiff's Motion to Appoint Counsel (ECF No. 27). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 13) is

1

GRANTED WITH PREJUDICE; Plaintiff's Motion to Consolidate Cases (ECF No. 21) is WITHDRAWN;[1] Plaintiff's Motion to Amend/Correct Complaint (ECF No. 23) is DENIED;[2] and Plaintiff's Motion to Appoint Counsel (ECF No. 27) is DENIED.[3] In sum, it is well established that this Court does not have subject matter jurisdiction to review prosecutorial decisions of the Board's General Counsel. Even if Plaintiff is unsatisfied with the General Counsel's determination, she may not seek review in this Court. This case is thus DISMISSED WITH PREJUDICE.

## BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

---

[1] In Plaintiff's Motion to Amend/Correct Complaint (ECF No. 23), she asks that her earlier attempt at consolidation (ECF No. 21) be "disregard[ed]." The Motion to Consolidate Cases is thus WITHDRAWN.

[2] Plaintiff's Motion to Amend/Correct the Complaint seeks to amend only to the extent that she requests consolidation of the underlying administrative cases with the present action. Mot. to Amend, 1, ECF No. 23. For the reasons set forth *supra*, this Court does not have subject matter jurisdiction over the administrative cases at issue. Consolidation is thus inappropriate. Accordingly, Plaintiff's Motion to Amend is DENIED.

[3] A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* As explained *supra*, Plaintiff does not present a colorable claim for relief, nor are there any exceptional circumstances that would warrant the appointment of an attorney. As such, Plaintiff's Motion to Appoint Counsel is DENIED.

At some point prior to July 7, 2015, Plaintiff Annette Cummings was terminated from her employment at MVM, Inc. ("MVM"), a private security contractor, after an allegedly unintentional discharge of her firearm. Mem. in Support of Mot. to Dismiss Exs. A, D ECF No. 14 (Board Case No. 05-CB-156648; Dismissal of Charge).[4] Cummings subsequently filed an unfair labor practice charge with her local chapter of Defendant National Labor Relations Board—Region 5—on July 22, 2015. Mem. in Support of Mot. to Dismiss Ex. A. She claimed that her union, the Security, Police and Fire Professionals of America, Local 555 (the "Union"), violated the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A), by providing inadequate representation after her termination. *Id.* On September 14, 2015, Plaintiff filed another unfair labor practice charge with Region 5 against her former employer, MVM. Mem. in Support of Mot. to Dismiss Ex. B, ECF No. 14 (Board Case No. 05-CA-159905). In this second charge, she alleged that MVM fired her as retaliation for her participation in Union activity, in violation of 29 U.S.C. § 158(a)(1). *Id.*; *see also* Mem. in Support of Mot. to Dismiss Ex. C, ECF No. 14 (Dismissal of Charge).

After conducting an investigation of Plaintiff's allegations, the Regional Director of Region 5 concluded that neither charge had the requisite evidence to proceed to prosecution. Mem. in Support of Mot. to Dismiss Exs. C, D. The Regional Director accordingly notified Cummings of the dismissals of Board Case Nos. 05-CA-159905 and 05-CB-156648 on October 27 and 28, 2015, respectively. *Id.* Cummings subsequently appealed both dismissals to the General Counsel of the Board. Mem. in Support of Mot. to Dismiss Ex. E, ECF No.

---

[4] The exhibits to Defendant's Motion to Dismiss consist of the various documents filed and received by Cummings during the pursuit of her claims with the Board. These documents are thus incorporated by the pleadings and do not convert Defendant's Motion to Dismiss into one for summary judgment.

14 (Denial of Appeal Letter, Nov. 17, 2015). The General Counsel denied the appeals after a review "did not disclose that either [MVM or the Union] violated the [National Labor Relations] Act." *Id.* at 26. On December 2, 2015, Plaintiff sought reconsideration of the denial, but the General Counsel again denied her appeals. Mem. in Support of Mot. to Dismiss Ex. F, ECF No. 14 (Denial of Appeal Letter, Dec. 16, 2015). Specifically, the General Counsel stated that the "decision to discipline [the Plaintiff] was based solely on the firearm incident." *Id.* at 29. Neither MVM nor the Union was deemed to have violated the Act for their alleged actions. *Id.* at 29-30. At the present time, Cummings has no unfair labor practice charges pending before the Board.

Plaintiff filed the subject action in the Circuit Court for Baltimore County, Maryland, seeking judicial review of the dismissal of her charges. Compl., ECF No. 2. Defendant timely removed to this Court pursuant to 28 U.S.C. § 1442(a). Notice of Removal, 3, ECF No. 1. The Board now moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks the requisite subject matter jurisdiction to review this agency decision. Mot. to Dismiss, ECF No. 13. Alternatively, the Board contends that Plaintiff's Complaint fails to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* As this Court does, indeed, lack subject matter jurisdiction to adjudicate Plaintiff's claims, this Court need not consider whether Rule 12(b)(6) also requires dismissal.

## **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought

by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## ANALYSIS

In moving to dismiss the subject action, Defendant contends that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. Plaintiff seeks review of the

Board's decision not to prosecute the administrative charges against MVA and the Union. The Board argues against judicial review of the alleged dismissals on the ground that such prosecutorial decisions are not subject to judicial review under the National Labor Relations Act. Defendant's Motion raises Rule 12(b)(1) facial challenges, as the Board argues that Plaintiff's claims fail to raise any facts upon which this Court may base jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

It is well-established that the General Counsel's decision not to issue a formal complaint is not subject to judicial review. *George Banta Co. v. N.L.R.B.*, 626 F.2d 354, 356 (4th Cir. 1980) (quoting 29 U.S.C. § 160(f)); *accord N.L.R.B. v. United Food and Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 122 (1987); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 138-39 (1975); *United Steelworkers of Am., Local 7886 v. Collyer*, Civ. A. No. JFM-87-1772, 1987 WL 109105, at *1 (D. Md. Oct. 9, 1987). The National Labor Relations Act vests in the General Counsel of the Board the discretion to investigate allegedly unfair labor practices and to prosecute any resulting claims through formal proceedings. 29 U.S.C. §§ 153(d), 160. Any such investigation, however, first arises from the filing of a charge by an individual, employer, or union. *Id.*; *Sears, Roebuck & Co.*, 421 U.S. at 156. The director of the region in which the charge is filed, acting under the authority of the General Counsel, performs the initial investigation to determine whether the claims merit the filing of a formal complaint. 29 C.F.R. §§ 102.9-102.15, 101.2-101.8. If the director dismisses the charge, the "charging party may appeal to the General Counsel, but not to the Board." *United Food*, 484 U.S. at 119 (quoting 29 C.F.R. § 101.6)).

If, however, the director issues a complaint, the case then proceeds to a hearing before an administrative law judge. 29 U.S.C. § 160. The administrative law judge's decision is subject to the Board's review, which releases a final decision and order. 29 U.S.C. § 160(c). Judicial review to the appropriate court of appeals is only available after the issuance of the Board's final decision and order. 29 U.S.C. § 160(f); *see also United Food*, 484 U.S. at 122.

Quite simply, Cummings seeks review of an unreviewable prosecutorial decision. In this case, she contests only the dismissal of her charges. She does not contend that the Board issued any final decision and order after administrative review. The Regional Director, acting on behalf of the General Counsel, investigated Plaintiff's unfair labor practice charges and ultimately concluded that neither charge had the requisite evidence to proceed to prosecution. Mem. in Support of Mot. to Dismiss Exs. C, D. On appeal to the General Counsel, the dismissals were affirmed. The General Counsel's decision was "fundamentally prosecutorial," and thus is not subject to judicial review. *George Banta Co.*, 626 F.2d at 356-57. Even if Plaintiff disagrees with the General Counsel's determination, this Court does not have subject matter jurisdiction over her claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is GRANTED WITH PREJUDICE; Plaintiff's Motion to Consolidate Cases (ECF No. 21) is WITHDRAWN; Plaintiff's Motion to Amend/Correct Complaint (ECF No. 23) is DENIED; and Plaintiff's Motion to Appoint Counsel (ECF No. 27) is DENIED. In sum, it is well-established that this Court does not have subject matter jurisdiction to review prosecutorial decisions of the Board's General Counsel. Even if Plaintiff is unsatisfied with

the General Counsel's determination, she may not seek review in this Court. This case is thus DISMISSED WITH PREJUDICE.

A separate Order follows.

Date: June 28, 2016                                    /s/_____
                                                       Richard D. Bennett
                                                       United States District Judge