IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANNETTE CUMMINGS, | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-16-0216 |
| v. | * | |
| NATIONAL LABOR RELATIONS BOARD, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Annette Cummings ("Plaintiff" or "Cummings") brought this *pro se* action to obtain judicial review of a decision by the General Counsel of Defendant National Labor Relations Board ("Defendant" or the "Board")[1]. Via Memorandum Opinion and Order dated June 28, 2016 (ECF Nos. 36 & 37), this Court dismissed this case *with prejudice* because this Court does not have subject matter jurisdiction to review prosecutorial decisions of the Board's General Counsel. *See Cummings v. Nat'l Labor Relations Bd.*, No. RDB-16-0216, 2016 WL 3523573, at *4 (D. Md. June 28, 2016).

Currently pending before this Court are Plaintiff's Motion for Reconsideration (ECF No. 38), Motion to Vacate and Re-Open Case (ECF No. 44), Second Motion to Vacate (ECF No. 45), and Motion and Supporting Memorandum to Stay Pending of the Court's [sic] Preliminary Injunction Pending Appeal and Motion for an Immediate Administrative

---

[1] Specifically, the Regional Director of Region 5, acting on behalf of the General Counsel, chose not to issue a complaint after Plaintiff filed two administrative charges with the Board. Plaintiff sought review of this decision because she believes that "the National Labor Board (sic) did not do a thorough or fair investigation." Resp. in Opp'n to Def.'s Mot. to Dismiss, p. 1, ECF No. 18.

Stay and Motion to Recuse and Motion for Enlargement of Time Refers to [sic] Extension

of Time to File Complaint ("Motion for Miscellaneous Relief") (ECF No. 48) [2].  The parties'

submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md.

2016).  For the reasons stated herein, Plaintiff's Motion for Reconsideration (ECF No. 38) is

DENIED; Plaintiff's Motion to Vacate and Re-Open Case (ECF No. 44) is DENIED;

Plaintiff's Second Motion to Vacate (ECF No. 45) is DENIED; and Plaintiff's Motion for

Miscellaneous Relief (ECF No. 48) is also DENIED.

<u>BACKGROUND</u>

This Court accepts as true the facts alleged in the plaintiff's complaint.  *See Aziz v.*

*Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). A *pro se* litigant's complaint should not be

dismissed unless it appears beyond doubt that the litigant can prove no set of facts in

support of his claim that would entitle him to relief.  *Gordon v. Leeke*, 574 F.2d 1147, 1151

(4th Cir. 1978). However, a plaintiff's status as *pro se* does not absolve him of the duty to

plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v.*

*Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL

41120 (4th Cir. 1990)).   The facts of this case were set forth fully in this Court's

Memorandum Opinion of June 28, 2016.  *See Cummings*, 2016 WL 3523573, at 2-3.

---

[2] Plaintiff's Motion for Miscellaneous Relief (ECF No. 48) raises a series of disjointed and unsubstantiated arguments, including that the undersigned Judge Richard D. Bennett's "words and actions show bad faith/gross misjudgment against [P]laintiff" and that the Plaintiff's "constitutional and human rights ha[ve] been violated."  Misc. Mot., p. 2-3, ECF No. 48.  For these reasons, Plaintiff requests, *inter alia*, that the undersigned Richard D. Bennett recuse himself from this case, that this case be transferred to a different venue, and that this action be sent to "a higher court or different court" for a review of the facts.  *Id.* at 1-6. However, as discussed herein, Plaintiff has failed to raise any argument suggesting that this Court has subject matter jurisdiction over her claims or that she is otherwise entitled to the requested relief. Accordingly, Plaintiff's action remains dismissed, this case remains closed, and the pending Motion for Miscellaneous Relief (ECF No. 48) is DENIED.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. As explained by this Court in *Cross v. Fleet Reserve Ass'n Pension Plan*, No. WDQ–05–0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

(footnote omitted). Here, Plaintiff has failed to indicate whether her motions, filed on July 7, 2016, August 26, 2016, and August 31, 2016, are brought pursuant to Rule 59(e) or 60(b). In light of the liberal construction afforded *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court will consider Plaintiff's arguments under both Rules 59(e) and 60(b).

I.   Rule 59(e) of the Federal Rules of Civil Procedure

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed.1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## II.   Rule 60(b) of the Federal Rules of Civil Procedure

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. App'x. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be

invoked under 'exceptional circumstances.' " *Mines v. United States*, No. WMN–10–520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

<u>ANALYSIS</u>

Plaintiff's pending motions (ECF Nos. 38, 44, 45, & 48) all seek relief from this Court's June 28, 2016 Order (ECF No. 37) dismissing this action *with prejudice* and closing this case.  In support of the pending motions, Plaintiff argues, *inter alia*, that she "never received notice of entry of closed case," that she has "enough evidence facts and statements to re-open" her case, and that this Court's Order was "based on erroneous conclusion[s] of law/facts."  Mot. to Vacate and Re-Open Case, p. 1, ECF No. 44; Second Mot. to Vacate, p. 1, ECF No. 45.  However, none of Plaintiff's contentions reach the high bar required for a court to vacate, amend, or otherwise provide relief from its prior Judgment under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

As this Court explained in the June 28, 2016 Memorandum Opinion, it is well-established that the General Counsel's decision not to issue a formal complaint is not subject to judicial review. *George Banta Co. v. N.L.R.B.*, 626 F.2d 354, 356 (4th Cir. 1980) (quoting 29 U.S.C. § 160(f)); *accord N.L.R.B. v. United Food and Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 122 (1987); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 138-39 (1975); *United Steelworkers of Am., Local 7886 v. Collyer*, No. JFM-87-1772, 1987 WL 109105, at *1 (D. Md. Oct. 9, 1987).  Accordingly, Plaintiff Cummings has sought review of an unreviewable prosecutorial decision. She contests only the dismissal of her charges and does not contend that the Board issued any final decision and order after administrative review.  The General

Counsel's decision was "fundamentally prosecutorial," and is not subject to judicial review. *George Banta Co.*, 626 F.2d at 356-57. Even if Plaintiff disagrees with the General Counsel's determination, this Court does not have subject matter jurisdiction over her claims.

Plaintiff offers no evidence that this Court committed a "clear error of law" or that there has been an "intervening change" in the controlling law, nor has she provided this Court with "new evidence" establishing subject matter jurisdiction over her claims. *See Gagliano,* 547 F.3d at 241, n. 8. Likewise, she has failed to demonstrate "mistake" or "fraud" or that this Court's prior judgment is "void." *See* Fed. R. Civ. P. 60(b). In fact, nowhere in Plaintiff's many submissions does she even address the legal issue of subject matter jurisdiction. Plaintiff alleges that the Board's "actions amounted to fraud, misconduct, and gross misinterpretation of federal law," but provides no facts supporting this claim, nor does she explain with particularity how fraud or misconduct was committed. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 38) is DENIED; Plaintiff's Motion to Vacate and Re-Open Case (ECF No. 44) is DENIED; Plaintiff's Second Motion to Vacate (ECF No. 45) is DENIED; and Plaintiff's Motion for Miscellaneous Relief (ECF No. 48) is also DENIED.

A separate Order follows.

Date: October 19, 2016

_____/s/_____
Richard D. Bennett
United States District Judge